No. 26-7304

UNITED STATES OF AMERICA,
*Plaintiffs-Appellants*,

v.

STATE OF ALASKA *et al.*,
*Defendants-Appellees*,

RISÉ ROY *et al.*,
*Intervenor-Defendants-Appellees*,

MARY FOR ALASKA *et al.*,
*Intervenor-Defendants-Appellees.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALASKA**
No. 26-cv-00376-SLG
The Hon. Sharon L. Gleason

# RISÉ ROY, JAN JAKUB GRZEDA, LEAGUE OF WOMEN VOTERS OF ALASKA, AND COMMON CAUSE'S REPLY IN SUPPORT OF SUMMARY AFFIRMANCE

Cindy Woods
ACLU of Alaska Foundation
P.O. Box 90744
Anchorage, AK 99509
(907) 258-0044
cwoods@acluak.org

Ari J. Savitzky
Ming Cheung
Theresa J. Lee
Garrett Muscatel
Sophia Lin Lakin
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
asavitzky@aclu.org

*Counsel for Risé Roy, Jan Jakub Grzeda, League of Women Voters of Alaska, and Common Cause*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

I. THE UNITED STATES SHOULD HAVE VOLUNTARILY DISMISSED. ........ 2

II. IF THE CASE IS STILL LIVE, SUMMARY AFFIRMANCE IS PROPER ........ 4

III. *MUNSINGWEAR* VACATUR IS NOT WARRANTED ........ 8

IV. SANCTIONS ARE APPROPRIATE ........ 12

CONCLUSION ........ 13

# TABLE OF AUTHORITIES

## Cases

*Azar v. Garza*,
584 U.S. 726 (2018) .......... 10

*Bell v. Hood*,
327 U.S. 678 (1946) .......... 5

*Chafin v. Chafin*,
568 U.S. 165 (2013) .......... 4

*Convergence Corp. v. Sony Corp. of America*,
681 F.2d 622 (9th Cir. 1982) .......... 8

*Dilley v. Gunn*,
64 F.3d 1365 (9th Cir. 1995) .......... 10

*Eastman v. Thompson*,
No. 22-56013, 2022 WL 18492376 (9th Cir. Nov. 7, 2022) .......... 12

*Hall v. Louisiana*,
884 F.3d 546 (5th Cir. 2018) .......... 12

*Lindsey v. Starwood Hotels & Resorts Worldwide Inc.*,
409 F. App'x 77 (9th Cir. 2010) .......... 7

*Mahoney v. Babbitt*,
113 F.3d 219 (D.C. Cir. 1997) .......... 10

*McCormick v. Adams*,
621 F.3d 970 (9th Cir. 2010) .......... 7

*National TPS Alliance v. Noem*,
169 F.4th 1170 (9th Cir. 2026) .......... 12

*Pelekai v. Raytheon Constructors, Inc.*,
74 F. App'x 790 (9th Cir. 2003) .......... 7

*Precision Instrument Manufacturing Co. v. Automotive Maintenance Machinery Co.*,
324 U.S. 806 (1945) .... 12

*Ramirez v. Castro,*
365 F.3d 755 (9th Cir. 2004) .... 7

*SD Voice v. Noem*,
987 F.3d 1186 (8th Cir. 2021) .... 12

*State, Divison of Elections v. Sullivan*,
No. S-19935 (Alaska June 29, 2026) .... 10

*Steel Co. v. Citizens for a Better Enviroment*,
523 U.S. 83 (1998) .... 5

*U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*,
513 U.S. 18 (1994) .... 10, 12

*United States v. Alaska*,
No. 3:26-CV-00376-SLG,
2026 WL 3271034 (D. Alaska Nov. 1, 2026) .... 5

*United States v. Arpaio*,
951 F.3d 1001 (9th Cir. 2020) .... 11

*United States v. Hamburg-Amerikanische Packetfahrt-Actien Gesellschaft*,
239 U.S. 466 (1916) .... 10

*United States v. Hooton*,
693 F.2d 857 (9th Cir. 1982) .... 8

*United States v. Munsingwear*,
340 U.S. 36 (1950) .... 11

*Uzuegbunam v. Preczewski*,
592 U.S. 279 (2021) .... 4

*Warth v. Seldin*,
422 U.S. 490 (1975) .................................................................... 3

**Statutes**

Alaska Stat. § 15.15.450 ........................................................ 3

Alaska Stat. § 15.20.430 ........................................................ 3

Alaska Stat. § 15.20.540 ........................................................ 3

Alaska Stat. § 15.20.550 ........................................................ 3

**Other Authorities**

Eric Stone
*Alaska Certifies Midterm Election, Starting the Clock for Challenges and Recounts*, Alaska Public Media (Nov. 23, 2026), https://alaskapublic.org/news/politics/elections/2026-11-23/alaska-certifies-midterm-election-starting-the-clock-for-challenges-and-recounts/ .................................................................................... 3

Jim Thomas,
*Alaska Gov. to Newsmax: Sullivan Vote Gap a Problem*, Newsmax (Nov. 19, 2026), https://www.newsmax.com/newsmax-tv/mike-dunleavy-mary-peltola-dan-sullivan/2026/11/19/id/1276968/ ........................................................ 3

State of Alaska Elections Divison,
*Election Calendar*, https://www.elections.alaska.gov/calendar/ .......... 3

**Rules**

Circuit R. 3-6............................................................................... 8

Fed. R. App. P. 42 ......................................................................... 4

## INTRODUCTION

The United States filed a frivolous lawsuit seeking to preemptively block certification of Alaska's U.S. Senate election. The action was promptly dismissed, and the United States appealed to this Court. But now that Alaska voters have moved for summary affirmance, pointing out the baseless and sanctionable nature of the action and subsequent appeal, the United States says the appeal is moot. Not only that, it seeks *Munsingwear* vacatur of the district court's judgment, without a single word defending the slapdash legal theory on which the appeal and the underlying pleadings were premised.

Lest anyone forget: The United States sought to prevent the certification of an entire statewide election based on the legal claim that the National Voter Registration Act (NVRA), a technical law regulating voter registration and list maintenance, gives the federal executive limitless power over anything involving election "integrity." There is *zero colorable basis for this claim*—the sole legal premise for the action—and the United States now appears unwilling to even try to defend it before this Court. If the United States is unable to articulate a non-frivolous basis for its lawsuit, then it should not have filed any appeal, and it is

surely not entitled to vacatur of the decision below.

The United States cannot baselessly exploit the legal process, threaten Alaska voters, and then walk away with a mulligan. The reckless actions of federal officials cannot be memory-holed for personal convenience. The court should summarily affirm to the extent this case is not moot, deny *Munsingwear* vacatur to the extent that it is, and either way, the Court should sanction the United States and its counsel for their abuse of the courts, voters, and the law.

## I. THE UNITED STATES SHOULD HAVE VOLUNTARILY DISMISSED.

The United States sought an injunction preventing certification of Alaska's U.S. Senate election, and a declaration that supposed "voter confusion" caused by the presence of Daniel J. Sullivan, Jr., amounted to a violation of the NVRA. Am.Compl. ¶¶ 45, 50, D.Ct.Dkt.43. But in responding to the motion to summarily affirm, United States suggested that the appeal is moot "[b]ecause the federal courts cannot now remedy the United States' injury." U.S. Br. 5-7, Dkt. No. 39.

Alaska's U.S. Senate election was certified only yesterday (five days after the United States suggested mootness), and various recount and challenge deadlines are ongoing. *See* State of Alaska Elections Div.,

*Election Calendar*, https://www.elections.alaska.gov/calendar/ (citing Alaska Stat. §§ 15.15.450, 15.20.430, 15.20.540, 15.20.550).[1] Alaska's current governor and federal law enforcement purport to be investigating issues surrounding the election.[2] The jurisdictional inquiry requires courts to assume the validity of the Plaintiffs' claims on the merits, even where (as here) the merits are indefensible. *See, e.g.*, *Warth v. Seldin*, 422 U.S. 490, 500 (1975). Assuming the United States had identified some violation of federal law, why is there no longer any means of redress?

The United States suggests that, because ballots were not segregated before the election, it is now impossible for it to pursue a voter-by-voter inquisition into the intent of every last Alaskan who voted for Daniel J. Sullivan, Jr. as it had originally contemplated. U.S. Br. 5-7; *see also* U.S. Prelim. Inj. Br., D.Ct.Dkt.66. But as long as some relief,

---

[1] Eric Stone, *Alaska Certifies Midterm Election, Starting the Clock for Challenges and Recounts*, Alaska Public Media (Nov. 23, 2026), https://alaskapublic.org/news/politics/elections/2026-11-23/alaska-certifies-midterm-election-starting-the-clock-for-challenges-and-recounts.

[2] *See, e.g.*, Jim Thomas, *Alaska Gov. to Newsmax: Sullivan Vote Gap a Problem*, Newsmax (Nov. 19, 2026), https://www.newsmax.com/newsmax-tv/mike-dunleavy-mary-peltola-dan-sullivan/2026/11/19/id/1276968/.

even partial relief, remains possible, an action is not moot. "[A] case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (citation omitted); *accord Uzuegbunam v. Preczewski*, 592 U.S. 279, 291 (2021) ("[T]he ability 'to effectuate a partial remedy' satisfies the redressability requirement." (citation omitted)).

To be sure, the United States may have realized that a favorable outcome is extremely unlikely, or it may simply wish to avoid further scrutiny of the sanctionable and embarrassing merits arguments underlying its lawsuit. But a plaintiff's desire to end their litigation rather than soldier on does not mean that the action they initiated no longer gives rise to an Article III case or controversy. Rather than suggesting mootness before the election had even been certified, voluntary dismissal was the option available to the United States here. *See* Fed. R. App. P. 42.

## II. IF THE CASE IS STILL LIVE, SUMMARY AFFIRMANCE IS PROPER

To the extent that the election has not been finally certified, this Court can and should summarily affirm.

The United States is not right that the district court "did not reach the merits." U.S. Br. 3. In fact, the district court concluded that the United States sought illegal relief that would "clearly violate Alaskans' right to a secret ballot." *United States v. Alaska*, No. 3:26-CV-00376-SLG, 2026 WL 3271034, at *5-6 (D. Alaska Nov. 1, 2026). Whether framed as a problem of redressability or as a failure to plead an entitlement to relief on the merits (and below it was framed as both), the violation of the right to a secret ballot is one basis for summary affirmance. LWVAK Mot. 21-22, Dkt. No. 10.[3] Running a sprawling government inquisition into how individual voters cast their ballots and

[3] While the district court indicated that it was granting dismissal for lack of standing pursuant to Rule 12(b)(1), *Alaska*, 2026 WL 3271034, at *3, it also indicated that it was granting LWVAK Intervenors' motion to dismiss, which was premised solely on Rule 12(b)(6), *id.* at *4, *8 (discussing and agreeing with LWVAK Intervenors' arguments that the United States' proposed relief violated the right to a secret ballot and specifically granting LWVAK Intervenors' motion to dismiss); *see also* LWVAK MTD Br. 23, D.Ct.Dkt.60. Under the circumstances, there is good reason to view the question whether the right to a secret ballot precludes the United States' requested relief as a merits question rather than a standing one. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) ("[T]he district court has jurisdiction if 'the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another.'" (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946))).

whether they were sufficiently sincere for their votes to be counted would be obviously and completely illegal.

And the total indefensibility of the United States' dangerous NVRA theory is also a complete and independent basis to summarily affirm. LWVAK Mot. 11-20. Rejecting that theory on the merits would benefit the public and the rule of law.

In opposing summary affirmance, the United States never tries to defend its NVRA-based claims. It makes no attempt to demonstrate that there was a colorable basis to bring this lawsuit in the first place. It talks about anything but the merits—anything but the glaring question of how any colorable or potentially legitimate reading of the NVRA could possibly justify the underlying lawsuit. The Court can and must treat this stunning silence as a concession that the United States is unable to defend its NVRA-based theories, even though less than a month ago it claimed that they would allow a federal court to block Alaska voters from electing a U.S. Senator.

To avoid summary affirmance on this basis, the United States says that "the district court's redressability ruling" is "the only issue presented on this appeal," and argues that "this Court cannot summarily

affirm on the merits (rather than Article III jurisdiction), because there was no dismissal on the merits." U.S. Br. 4; *see also id.* at 8-13. But the United States cannot file a frivolous lawsuit, lose, notice an appeal, and then demand that this Court ignore the frivolous nature of its claims.

This Court "may affirm on any ground supported by the record, 'even if it differs from the rationale of the district court.'" *E.g.*, *McCormick v. Adams*, 621 F.3d 970, 975 (9th Cir. 2010) (quoting *Ramirez v. Castro,* 365 F.3d 755, 762 (9th Cir. 2004)). That is no less true where the district court's rationale for dismissal was a potential defect of Article III standing. *See, e.g.*, *Lindsey v. Starwood Hotels & Resorts Worldwide Inc.*, 409 F. App'x 77, 78 (9th Cir. 2010) (affirming on the merits where district court had dismissed on standing grounds); *Pelekai v. Raytheon Constructors, Inc.*, 74 F. App'x 790, 791 (9th Cir. 2003) (same).

Here, all roads lead to affirmance. If the secret-ballot violation is genuinely a "redressability" issue, the Court can summarily affirm on that basis. If it is instead a fatal *merits* defect, *see supra* p.5 & n.3, the Court can affirm on that ground plus any other merits basis, including the failure to state a valid NVRA claim. And whether it is an issue of jurisdiction or the merits, if the United States were somehow correct that

its proposed voter-intent inquisition relief was not precluded by the right to a secret ballot, U.S. Br. 8-12, affirmance would *still* be the obvious and inevitable result in this appeal because the NVRA provides no basis for that relief or any other relief whatsoever.

To the extent the controversy here is still live when the Court takes up the motion, this is *exactly* the type of case where the insubstantiality of the appeal is so manifest that summary affirmance would be warranted. *See* Circuit R. 3-6. The United States' effective concession that the lawsuit it filed cannot be defended on the merits means that the ultimate outcome of this appeal is "beyond dispute." *E.g.*, *United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982).

## III. *MUNSINGWEAR* VACATUR IS NOT WARRANTED

Even if this case were moot, or if it were to become moot before summary affirmance could be granted, the right result would be to dismiss without vacatur (and then to sanction the United States and its counsel for the frivolous appeal). The United States' galling request to wipe the district court's dismissal order off the books cannot be granted.

Vacatur is the "established practice" in this Circuit when a case becomes moot during the pendency of an appeal, *Dilley v. Gunn*, 64 F.3d

1365 (9th Cir. 1995), but is ultimately an equitable determination based on "the conditions and circumstances of the particular case." *Azar v. Garza*, 584 U.S. 726, 729 (2018) (quoting *United States v. Hamburg-Amerikanische Packetfahrt-Actien Gesellschaft*, 239 U.S. 466, 478 (1916)). The United States, "as the party seeking relief . . .," would bear the burden of "demonstrat[ing] . . . equitable entitlement to the extraordinary remedy of vacatur." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26-27 (1994).

Here, vacatur would not be warranted because any mootness would derive from the United States' own actions. The Alaska Supreme Court decided the ballot access issue here in June, before Alaska's primary election. *State, Div. of Elections v. Sullivan*, No. S-19935 (Alaska June 29, 2026). Yet the United States did not take any action until four months later, on the eve of the general election. *See* Compl., D.Ct.Dkt.1. After the action was dismissed below, the United States declined to seek expedited relief on appeal. *See Mahoney v. Babbitt*, 113 F.3d 219, 222 (D.C. Cir. 1997) (denying vacatur where government had not sought stay from Supreme Court). The United States could have tried to obtain appellate review on its meritless claims before certification of Alaska's

election results and potentially could still seek some relief now. Instead, it has "slept on its rights." *United States v. Munsingwear*, 340 U.S. 36, 41 (1950).

Moreover, to the extent that the United States correctly characterizes the decision below as a dismissal for lack of subject matter jurisdiction, vacatur would be meaningless. Vacatur exists "to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences," and to "clear[] the path for future relitigation of the issues between the parties." *Munsingwear*, 340 U.S. at 40-41. But if the judgment below is indeed a jurisdictional dismissal without prejudice, as the United States asserts for purposes of trying to avoid summary affirmance on the merits, then "vacatur would not further the purposes of *Munsingwear*." *United States v. Arpaio*, 951 F.3d 1001, 1005-06 (9th Cir. 2020).

Lastly, and most importantly, the United States cannot establish any equitable entitlement to vacatur. The United States filed a frivolous lawsuit to interfere with Alaska's election and hold Alaskans' voting rights hostage. It advanced a reading of the NVRA which has no support in law and re-imagines that statute as a source of unlimited executive

authority to dominate elections and countermand state election practices, a reading that is anathema to our constitutional order. The United States' wrongful and legally baseless actions "close[] the doors of a court of equity" in this case. *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945). The public interest would instead be served by preserving the judgment against the United States even if affirmance were no longer possible. *See U.S. Bancorp Mortg. Co.*, 513 U.S. at 26 (judicial precedents are "presumptively correct and valuable to the legal community as a whole" and should be permitted to stand); *SD Voice v. Noem*, 987 F.3d 1186, 1190-91 (8th Cir. 2021) (denying vacatur where movants "offer[ed] no argument as to how vacatur here serve[d] the public interest, instead arguing only how vacatur serve[d] them"); *Hall v. Louisiana*, 884 F.3d 546, 551 (5th Cir. 2018) (denying vacatur based on public interest in preserving the judgment).

This Court has declined to vacate district court opinions in analogous circumstances, notwithstanding the default rule. *Eastman v. Thompson*, No. 22-56013, 2022 WL 18492376, at *1 (9th Cir. Nov. 7, 2022) (declining to vacate district court order despite mootness); *see also Nat'l TPS All. v. Noem*, 169 F.4th 1170, 1175 (9th Cir. 2026) (explaining

the public interest justifications in letting precedent stand). If the Court is no longer able to affirm, it should deny vacatur and then sanction the United States and its counsel for advancing this destructive and frivolous action.

## IV. SANCTIONS ARE APPROPRIATE

No matter the grounds on which the Court bases its summary affirmance, the United States' pursuit of an appeal here is sanctionable. The ultimate result of this appeal is "obvious," as indicated by the United States' refusing to defend the NVRA theory on which the action was based. *E.g.*, *Convergence Corp. v. Sony Corp. of Am.*, 681 F.2d 622, 623 (9th Cir. 1982). The United States can and should be sanctioned for filing this appeal, requiring Appellees to defend it and this Court to adjudicate it.

Sanctions are in the public interest here. Lawyers for the U.S. Department of Justice filed a frivolous lawsuit against a sovereign state on the eve of the 2026 Election at the behest of the President of the United States, seeking to preemptively block the election from being certified. LWVAK Mot. 23-25. Even though they had no legal basis for bringing suit in the first place, they then appealed to this Court two days before

the election after the district court granted dismissal. Even now, they express no contrition, asking for *Munsingwear* vacatur even as they refuse to defend their attack on Alaska's democracy.

This conduct is not normal. It is deeply corrosive to our democracy, our national institutions, and the rule of law. Sanctions are warranted.

## CONCLUSION

The Court should summarily affirm or, if the case is moot, dismiss without vacatur. The Court should order appropriate sanctions against the United States for filing a frivolous appeal.

DATED: November 24, 2026

Respectfully submitted,

/s/ Ari J. Savitzky

Ari Savitzky
Ming Cheung
Theresa J. Lee
Garrett Muscatel
Sophia Lin Lakin
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
asavitzky@aclu.org
mcheung@aclu.org
tlee@aclu.org
garrettmuscatel@aclu.org
slakin@aclu.org

Cindy Woods
ACLU of Alaska Foundation
P.O. Box 90744
Anchorage, AK 99509
(907) 258-0044
cwoods@acluak.org

*Counsel for Appellees Risé Roy, Jan Jakub Grzeda, League of Women Voters of Alaska, and Common Cause*

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) and Local Rules 27-1(1)(d) and 32-3 because it contains 2,593 words.

/s/ Ari J. Savitzky
Ari J. Savitzky